(No. 75-CV-172—

EVELYN WILLIAMS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1975.*

EVELYN WILLIAMS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on August 15, 1974, at 2456 West Jackson Boulevard, Chicago, Illinois. Evelyn Williams, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et. seq.* (hereafter referred to as *"the Act"*).

This Court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Court, and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1.   That the claimant, Evelyn Williams, age 51, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2.   That on August 15, 1974, the claimant was shot twice during a robbery at Eiland's Liquors, 2456 West Jackson Boulevard, Chicago, her place of employment.

3.   That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4.   That the victim was hospitalized from August 15, 1974, to August 30, 1974, and received treatment for injuries sustained in the shooting. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is contained in the Court's file in this matter, and the facts as reported therein are incorporated in this Opinion by reference.

5.   That the two assailants have not been identified or apprehended. The case remains under investigation by the Chicago Police Department.

6.   That there is no evidence that the victim and her assailants were related or sharing the same household.

7.   That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the victim's average monthly earnings for the 6 months immediately preceding her injuries were $584.29, but earnings of only $500 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision in Sec. 4 of the Act:

". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

That, based on this formula, the loss of income sustained by the claimant due to lost work days totals $2,000.00. [Four months loss of time.]

9. That the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of pecuniary loss as computed before setoffs and deductions is as follows:

| 1) | Hospital | $4,963.35 |
| 2) | Anesthesia | $ 190.00 |
| 3) | X-Rays | $ 149.00 |
| 4) | Orthopedics | $ 450.00 |
| 5) | Medical | $ 830.00 |
| 6) | Loss of salary | $2,000.00 |
| | | $8,582.35 |

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards payable under the 'Workman's Compensation Act,' or from local governmental, State, or Federal funds or from any other source (except annuities, pension plans, Federal social security benefits, and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefits of the applicant . . .)."

That, in the claim before us, the claimant received no benefits from other sources, as contemplated by Sec. 7 (d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calcu-

lated in ¶9, leaves an amount of compensable loss sustained by the claimant as $8,382.35.

It Is HEREBY ORDERED that the sum of $8,382.35 be awarded to the claimant, Evelyn Williams, as the innocent victim of a violent crime.